UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| KEVIN HIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 18-048-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| DONNA MILLER and | ) | **MEMORANDUM OPINION** |
| KATHY LITTERAL, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kevin Higgins is an inmate at the Eastern Kentucky Correctional Complex, a
state prison located in West Liberty, Kentucky. Proceeding without a lawyer,
Higgins filed a civil rights complaint against two prison employees. [D. E. No. 1].
Higgins indicates that he is suing the defendants only in their official capacities, and
he is seeking $100,000 in damages. [D. E. No. 1 at 2, 6].

This Court, however, will dismiss Higgins's official capacity claims.
Notwithstanding its label, an "official capacity" claim against a state officer is not a
claim against the officer arising out of his or her conduct as an employee of the state,
but is actually a claim directly against the state agency which employs them.
*Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330
F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose

1

personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Thus, Higgins's official capacity claims are civil rights claims against the Kentucky Department of Corrections (KDOC).

The KDOC, however, is not subject to suit in federal court under § 1983. That is because a state agency like the KDOC is not a "person" subject to liability under § 1983 and because the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Gibbons v. Kentucky Dept. of Corrections*, No. 3:07CV-P697-S, 2008 WL 412847, at *1 (W.D. Ky. Sept. 4, 2008) (*citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a state nor agencies acting under its control may be subject to suit in federal court.") (internal quotation marks and citation omitted)); *Scott v. Kentucky Department of Corrections*, No. 08-CV-104-HRW, 2008 WL 4083002, at *2 (E.D. Ky. Aug. 29, 2008) ("The Eleventh Amendment has also been interpreted to extend immunity to state employees sued for damages in their official capacities."). As a result, the Court will dismiss Higgins's claims, as they are only brought against the defendants in their official capacities.

Accordingly, it is hereby **ORDERED** that:

2

1.  Higgins's civil rights claims against the defendants in their official capacities [D. E. No. 1] are **DISMISSED WITH PREJUDICE**.

2.  All pending motions are **DENIED AS MOOT**.

3.  This action is **STRICKEN** from the Court's active docket.

4.  A corresponding Judgment will be entered this date.

This 19th day of April, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge